KENTUCKY BAR ASSOCIATION,
Complainant,

v.

Robert M. TILLER, Respondent.

Supreme Court of Kentucky.

Nov. 23, 1982.

Leslie G. Whitmer, Director, Michael M. Hooper, Asst. Director, Kentucky Bar Ass'n, Frankfort, for complainant.

Jack M. Lowery, Louisville, for respondent.

## OPINION AND ORDER

The respondent is charged with a violation of SCR 3.470, as well as Disciplinary Rules 1–102(A)(6) and 3–101(A) of the American Bar Association Code of Professional Responsibility in that he aided, assisted or abetted a corporate entity known as Account Associates, Inc., (hereinafter referred to as Account) to engage in the unauthorized practice of law. It is further charged that this conduct tends to bring the bench and bar of Kentucky into disrepute.

The pertinent facts are that the respondent in 1978 was employed by a debt collection agency known as Account Associates, Inc. As compensation he was to receive the sum of $200.00 per month and $10.00 an hour for court appearances. He was given office space and secretarial help. During the period of his employment the respondent was out of his office for long periods of time ostensibly performing other legal work. During those periods of absence the employees of Account would answer his telephone as part of the consideration of his employment. The record reflects that numerous cases ranging anywhere from 750 to 1500 in number were filed in various district courts, and that all of those files as initiated were maintained by Account except those which were set for trial. The respondent received his compensation directly from Account and had no direct contact with any of the customers of Account except that a form letter was sent to each of those when cases were set for trial instructing the customer to meet the respondent a half hour prior to trial and bring all the records with him. The original form pleadings were prepared by the respondent and these form pleadings filed by Account upon their own determination as to whether legal action should be taken.

The procedure above outlined led to garnishments being issued in three cases, which garnishments, like the pleadings filed in the numerous cases mentioned, were issued by personnel of Account without respondent's knowledge. It is on the basis of lack of knowledge that the respondent contends he should not be found guilty, to which contention we cannot agree.

It is obvious from the very sequence of events, all of which were facilitated by respondent's lending his name as an attorney-at-law to Account for any and all purposes, that the very evils which the prohibition against this was intended to avoid (i.e. legal practice by an unlicensed entity) was facilitated by the respondent with members of the public being victimized. SCR 3.470 specifically prohibits this course of conduct. The pertinent provision of this is: "Any attorney who knowingly aids, assists or abets in any way, form or manner any person or entity in the unauthorized practice of law shall be guilty of unprofessional

conduct." To the same effect is Disciplinary Rule 3–101(A): "A lawyer shall not aid a non-lawyer in the unauthorized practice of law."

It is significant to note that neither of the rules require knowledge on the part of the participating lawyer but only a course of neglectful conduct such as that demonstrated in the instant case is sufficient.

The Board of Governors of the Kentucky Bar Association found the respondent guilty of the above enumerated provisions and recommended to this court that he be suspended from the practice of law for a period of three (3) months. So much of the Board's recommendation as to finding of guilt is adopted by this court. However, it is the opinion of this court that the punishment as recommended is insufficient, and this court finds an appropriate punishment to be and IT IS HEREBY ORDERED that the respondent be suspended from the practice of law for a period of six (6) months.

In conformity with SCR 3.390 respondent is hereby directed to notify in writing all clients for whom he is actively involved in litigation and similar legal matters of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Said notification shall be completed within ten (10) days of the date of this order of suspension, and a carbon copy of all such letters placed in the United States mail shall be mailed to the Director of the Kentucky Bar Association for inclusion in the respondent's file. Failure to comply with the specific details of this order shall subject the respondent to the charge of contempt of court.

Pursuant to SCR 3.450, the respondent is ordered to pay the costs of this proceeding.

STEPHENS, C.J., and AKER, CLAYTON, PALMORE, STEPHENSON, STERNBERG and O'HARA, JJ., sitting.

STEPHENS, C.J., and STEPHENSON, CLAYTON, PALMORE and O'HARA, JJ., concur.

Entered November 23, 1982.

/s/ Robert F. Stephens
CHIEF JUSTICE